JUDGE BULLITT
delivered the opinion oj? the court:
This proceeding was instituted by the administrator of A. J. Givin and of E. L. Givin for a settlement of their estates and for a sale of a tract of land which they owned in common and which descended to their infant heirs, for the payment of their debts, it being alleged that their personal estate was insufficient for that purpose. The petition alleged that the land cost the decedents $2,000. The heirs were made defendants and answered by a guardian ad litem. The commissioner to whom the cause was referred reported that the decedents owed joint debts amounting to $296 and separate debts amounting respectively to $109 12 and $192 81, total $597 13, and that *198 in his opinion it would be to the interest of all parties to sell the whole tract together; and the court thereupon ordered a sale of it, and Gill purchased it at the price of $1,775, for which he executed bonds, and the land was conveyed to him by the commissioner. A rule having been issued to compel payment of the bonds, Gill resisted it and asked for a cancelment of them, upon the ground that the order of sale was void. But the rule was made absolute, from which order Gill appealed.
“In an action for the settlement of the estate of a deceased person, if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the slaves and real property, or either, descended or devised to the heirs or devisees, who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts.” (Code, sec. 466.) This applies to infant as well as adult heirs and devisees. In our opinion if the Givins’ heirs had been adults, the judgment ordering a sale of the entire tract, though it might have been erroneous, would not have been void, as the court under, sec. 466, would have had jurisdiction over the subject and the parties. But that section, so far as it relates to the real estate of infant heirs and devisees, is limited by sec. 539 of the Code, which declares “that the provisions of the Revised Statutes, in chapter 86, shall regulate the proceedings for the sale of the real property and slaves of infants.” Construing these two sections together, as we must do, their meaning is, that the real estate of an infant heir or devisee, or so much thereof as may be necessary to pay the debts of the ancestor or testator, may be sold in a proceeding to settle the decedent’s estate, but that so much of it as may not be necessary for that purpose shall not be sold, except in the mode prescribed by the Revised Statutes,in chap. 86. That chapter declares, that “before a court shall have jurisdiction to decree a sale of infants’ lands” several acts shall be done which were not done in this case. The pleadings show that a sale of the whole tract was not necessary to pay the decedents’debts. The court had no jurisdiction to order a sale of more than was necessary for that purpose. The *199 judgment, therefore, ordering a sale of the whole tract, is void.
This question does not appear to have been decided or considered in the case of Smith vs. Colver's adm’r, &c., (Mss. opin., 1860,) referred to by appellee’s counsel. But in the case of Barret vs. Churchill, in reply to an argument similar to the one urged in this case, this court said: “It is undoubtedly true, as suggested by counsel in argument, that the object sought to be accomplished by this proceeding was within the general power and jurisdiction of a court of equity, but it is also true that this general power and jurisdiction were subordinate to the powers of the Legislature, and that the Le4isla-ture have thought proper, wisely, as we think, to limit and restrict their exercise, in the manner and to the extent indicated,” in chap. 86, of the Revised Statutes.
It may be proper to add, in reply to a suggestion of counsel, that, in our opinion, it does not necessarily follow from what we have said, that an order for the sale of so much of the real estate descended or devised to an infant as might be necessary to pay a certain sum, adjudged to be due to the decedent’s creditors, would be void if erroneous as to the sum adjudged to be due. But we need not now discuss that question.
The judgment is reversed, and the cause remanded with directions to discharge the rule and quash the bonds executed by the appellant.